UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHIA W. CHEN | CIVIL ACTION |
| VERSUS | NO. 18-4367 |
| SHELLPOINT MORTGAGE SERVICING, INC. | SECTION A(4) |

## ORDER AND REASONS

Before the Court is a **Rule 12(c) Motion for Judgment on the Pleadings (Rec. Doc. 16)** filed by Defendant New Penn Financial LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint"). Plaintiff Chia W. Chen has not filed an opposition to the motion. The motion, set for submission on August 8, 2018, is before the Court on the briefs without oral argument. Having considered the motion and memorandum of counsel, the record, and the applicable law, the Court finds that the Defendant's **Rule 12(c) Motion for Judgment on the Pleadings (Rec. Doc. 16)** is **GRANTED** for the reasons set forth below.

**I.  Background**

On June 18, 2008, Plaintiff executed a promissory note in favor of JP Morgan Chase Bank, N.A. in the principal amount of $101,700.00 (the "Note"). The Note is secured by a mortgage that was signed by Plaintiff on that same date, and is recorded in the Parish of Jefferson, State of Louisiana as Instrument Number 10834815 (the "Mortgage"). The Mortgage encumbers the immovable property located at 909 27th Street, Kenner, Louisiana (the "Property"). JP Morgan Chase Bank endorsed the Note in blank, rendering the Note bearer paper. (Rec. Doc. 16-2, p. 3). Defendant Shellpoint has held the Note and serviced the Mortgage at all relevant times.

Plaintiff allegedly defaulted on the Note and Mortgage by failing to remit the August 1, 2016 monthly installment, and all subsequent installments. As a result of Plaintiff's default and her failure to cure the default, the loan was accelerated and the entire unpaid principal balance, together with interest, and allowable fees, are now allegedly due, owing, and unpaid. Prior to acceleration, on September 27, 2016, Defendant, the servicer, allegedly caused a notice of default to be sent to Plaintiff, stating the specific amounts in default. The notice advised Plaintiff that if the default was not timely cured, the entire indebtedness would be declared immediately due and payable without further demand or notice.

Defendant filed a petition for executory process with appraisal in the 24th Judicial District Court for Jefferson Parish (the "24th JDC") on August 1, 2017, to enforce its rights in the Note and the Mortgage. (Rec. Doc. 1, p. 1–2). According to the Defendant, the 24th JDC appointed a curator ad hoc because the sheriff was unable to serve Plaintiff. Thereafter, the sheriff sold the Property pursuant to a writ of seizure and sale from the 24th JDC on April 4, 2018. (Rec. Doc. 16-4).

In response to Defendant's state court lawsuit, Plaintiff filed a civil action on March 16, 2018, against Defendant in the Eighth Justice of the Peace Court for the Parish of Jefferson, Louisiana. (Rec. Doc. 1-3, p. 2). Defendant received citation and service of Plaintiff's suit via Louisiana's long-arm statute on April 3, 2018, and thereafter, timely removed to this Court on April 27, 2018. (Rec. Doc. 1).

**II.     Legal Standard**

A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). When considering a motion to dismiss under Rule 12(b)(6), a court

must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (parenthetical in original) (quotations, citations, and footnotes omitted).

### III. Law and Analysis

Plaintiff seeks $1,000 in penalties under the Federal Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") (Rec. Doc. 1-3, pp. 3–4, ¶ 3), a letter from Defendant to "all 3 credit reporting agencies" requesting that negative reporting in connection with the Note be removed under the Fair Credit Reporting Act ("FCRA") (Rec. Doc. 1-3, p. 4, ¶ 4), and that the sale ordered in foreclosure be enjoined pending resolution of this lawsuit. (Rec. Doc. 1-3, pp. 4–5, ¶ 7).

Defendant contends that it is entitled to judgment on the pleadings because (1) Plaintiff misconstrues presentment and dishonor; (2) Plaintiff waived presentment; (3) Plaintiff has no right of action under the FCRA for failure to provide accurate credit information and fails to comply with the statutory requirements for asserting a failure to investigate claim; and (4) Plaintiff's injunctive relief request is moot because the sheriff's sale is complete. (Rec. Doc. 16-1, pp. 2–3).

#### A. Failure of Presentment

Plaintiff claims that Defendant's failure to present the Note upon demand means that the Note is dishonored and that his debts are no longer owed. Defendant asserts that Plaintiff waived his right to presentment, and that failure to present the Note does not absolve Plaintiff of her debts.

The Court finds that Defendant was not required to present the Note at Plaintiff's request because Plaintiff waived both her right of presentment and her right to notice of dishonor. (Rec. Doc. 16-2, p. 2). The Note that Plaintiff signed included the following provision:

> I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

*Id.* The United States Court of Appeals for the Fifth Circuit, applying Louisiana law, has held that when a note contains a provision waiving the right of presentment, "[t]his provision is binding." *Int'l City Bank and Trust Co. v. Morgan Walton Properties, Inc.*, 675 F.2d 666, 668 (5th Cir. 1982) (quoting *Frank-Taylor-Kendrick Co. v. Voissement*, 77 So. 895 (1918)). Thus, Plaintiff's waiver of presentment is binding and Defendant's failure to present the Note does not release Plaintiff of her debt.

### B. Federal Debt Collect Practices Act

Plaintiff claims that she is entitled to $1,000 in fines because Defendant violated the FDCPA for attempting to collect on Plaintiff's debt. In response, Defendant argues that because Plaintiff puts forth no plausible theory that her debt is discharged, she has no plausible theory under which Defendant can be held to have violated the FDCPA by attempting to collect the debt. Plaintiff's theory that the debt is not currently owed rests on her contention that Defendant's failure of presentment resulted in the debt being discharged. The Court holds that Plaintiff's waiver of presentment is binding and Defendant's failure to present the Note does not release Plaintiff of her debt. Plaintiff has not put forth any plausible theory that her debt was discharged. The Court agrees that Plaintiff has no plausible theory under which Defendant can be held to have violated the FDCPA by attempting to collect Plaintiff's debt.

### C. Fair Credit Reporting Act

Plaintiff also brings claims against Defendant under the FCRA for failure to provide accurate credit information to credit reporting agencies, and/or failure to investigate and report its findings to credit reporting agencies. The FCRA regulates the consumer reporting industry. 15 U.S.C. § 1681(a), *et seq.* Specifically, the FCRA "regulates information provided to consumer reporting agencies by 'furnishers of information.'" *Floyd v. Wells Fargo Home Mortg. Co.*, 848 F. Supp. 2d 635, 642 (E.D. La. 2012) (Barbier, Carl J.) (quoting 15 U.S.C. § 1681s–2(a)(1)(A)). Furnishers of credit information have duties under the FCRA to provide accurate information under 15 U.S.C. § 1681s–2(a), and to fulfill certain duties upon notice of a dispute under 15 U.S.C. § 1681s – 2(b). Defendant correctly points out that "there is no private right of action under Section 1681s–2(a)" to the Federal Trade Commission ("FTC"). *Brumberger v. Sallie Mae Servicing Corp.*, 2003 WL 1733548, *5 (E.D. La. 2003) (Duval, Stanwood J.); *See also Washington v. CSC Credit Services, Inc.*, 199 F.3d 263, 268 (5th Cir. 2000) (where the court held that Congress vested the power to obtain injunctive relief solely with the FTC). Because the FTC has the exclusive right to enforce 15 U.S.C. § 1681s–2(a), any private right of action that Plaintiff might have against Defendant must fall under its 15 U.S.C. § 1681s–2(b) duties.

The Fifth Circuit has held that "any private right of action [plaintiffs] may have under § 1681s–2(b) would require proof that a *consumer reporting agency* . . . had notified [the defendant]" of a dispute. *Young v. Equifax Credit Information Services, Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (emphasis added). In *Young*, the Fifth Circuit found that a plaintiff's "claims fail[ed] as a matter of law" because the plaintiff failed to point to any evidence that defendant received notice of a dispute from a consumer reporting agency. *Id.* at 640. In the instant matter, Plaintiff has failed to

identify any evidence of notice from a consumer reporting agency.  Thus, Plaintiff's claim under § 1681s–2(b) of the FCRA must fail as a matter of law.

### D. Injunction

Plaintiff seeks to enjoin the April 4, 2018 sheriff's sale.  The Court agrees with Defendant in holding that because the sheriff's sale has been completed, Plaintiff's request for injunctive relief is moot.  According to the sheriff's procès verbal, the Property was sold at public auction on April 4, 2018, pursuant to the writ of seizure and sale issued in the executory action.  The sheriff's procès verbal is recorded as instrument number 11818787 in Jefferson Parish conveyance book number 3404, page 35, and in deed book 72, page 457.  (Rec. Doc. 16-4).  Therefore, Plaintiff's final claim fails, and Defendant is entitled to judgment on the pleadings in its favor.

Accordingly;

IT IS ORDERED that New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing's **Rule 12(c) Motion for Judgment on the Pleadings** is **GRANTED**.

August 10, 2018

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE